IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

*Charles Frederick Kimble*      :      CIVIL ACTION
            v.      :
*Kathleen Miller, Roy Miller, Donald Miller & Nicholas Miller*      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

_10/1/20_      _Jeffrey L. Dashevsky, Esquire_      _Plaintiff_
**Date**      **Attorney-at-law**      **Attorney for**

_(215) 546-4488_      _(215) 732-6220_      _JDashevsky @ Dashevskylaw.com_

**Telephone**      **FAX Number**      **E-Mail Address**

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev. 02/19)     **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Charles Frederick Kimble

**DEFENDANTS**
Kathleen Miller, Roy Miller, Donald Miller, Nicholas Miller

**(b)** County of Residence of First Listed Plaintiff: Burlington County, State of N.J.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey L. Doshevsky, Esquire
Doshevsky, Horwitz, Kuhn, Novello & Shurr, PC
1315 Walnut St., 12th Fl., Phila., PA 19107 (215) 546-4488

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(a)(1)
Brief description of cause:
Dog attack resulting in personal injuries

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of $300,000.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/1/2020
SIGNATURE OF ATTORNEY OF RECORD: Jeffrey L. Doshevsky, Esquire

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Note:

This Designation Form must be <u>signed</u> before submission to the Clerk's Office *or a case number will not be assigned.*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2505 Church Road, Cinnaminson, NJ 08077

Address of Defendant: 312 Westview Avenue, Bristol, PA 19007

Place of Accident, Incident or Transaction: 322 Westview Avenue, Bristol, PA 19007

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  Must sign here _____  _____
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury *(Please specify):* Dog attack
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  Sign here if applicable _____  _____
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES FREDERICK KIMBLE<br>2505 Church Road<br>Cinnaminson, NJ 08077<br>vs.<br>KATHLEEN MILLER<br>312 Westview Avenue<br>Bristol, PA 19007<br>and<br>ROY MILLER<br>312 Westview Avenue<br>Bristol, PA 19007<br>and<br>DONALD MILLER<br>312 Westview Avenue<br>Bristol, PA 19007<br>and<br>NICHOLAS MILLER<br>312 Westview Avenue<br>Bristol, PA 19007<br>and<br>JOHN DOE AND JANE DOE (Fictitious parties who were the real or apparent owners and/or controllers of the dog which attacked the plaintiff) | CIVIL ACTION<br><br>COMPLAINT<br><br>DOCKET NO.: |

Jurisdiction for this action is based upon 28 U.S.C. Section 1332(a)(1) in that it involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

1. Plaintiff, Charles Frederick Kimble, is an adult individual who, at all times relevant and material hereto, resided at 2505 Church Road, Cinnaminson, New Jersey 08077.

2. Defendant, Kathleen Miller, is an adult individual who resides at 312 Westview Avenue, Bristol, PA 19007.

3. Defendant, Roy Miller, is an adult individual who resides at 312 Westview Avenue, Bristol, PA 19007.

4. Defendant, Donald Miller, is an adult individual who resides at 312 Westview Avenue, Bristol, PA 19007.

5. Defendant, Nicholas Miller, is an adult individual who resides at 312 Westview Avenue, Bristol, PA 19007.

6. Defendants, John Doe and Jane Doe, are fictitious names/entities, who are individuals who may have been owners of a certain canine (hereinafter referred to as "dog") involved in the incident hereinafter more particular referred to. Defendants, John Doe and Jane Doe's, actual names are unknown to the plaintiff after having conducted a reasonable search with due diligence, which search is ongoing to determined John Doe and Jane Doe's true identity. Upon determination of the true identity of defendants, John Doe and Jane Doe, the appropriate legal name/names will be substituted for the identification of fictitious names, John Doe and Jane Doe.

7. On or about May 21, 2019, defendants, Kathleen Miller, Roy Miller, Donald Miller and Nicholas Miller, owned, operated, maintained and/or controlled the property and premises located at 312 Westview Avenue, Bristol, PA 19007.

8. On or about May 21, 2019, defendants, Donald Miller and Nicholas Miller, were tenants lawfully residing on the property and premises located at 312 Westview Avenue, Bristol, PA 19007, which was owned, operated, maintained and/or controlled by defendants, Kathleen Miller and Roy Miller.

9. On or about May 21, 2019, defendants, Kathleen Miller, Roy Miller, Donald Miller and Nicholas Miller, jointly and/or individually, and/or by and through their joint and/or individual agents, servants, workers and/or employees, were the owners of a certain canine (hereinafter referred to as "dog") involved in the incident hereinafter more particular referred to.

10. On or about May 21, 2019, defendants, Kathleen Miller, Roy Miller, Donald Miller and Nicholas Miller, had the right to control and/or remove the aforementioned dog involved in the incident hereinafter more particularly referred to, from their aforementioned property and premises.

11. On or about May 21, 2019, the aforementioned dog was in the joint care, charge, custody and/or control of defendants, Kathleen Miller, Roy Miller, Donald Miller and Nicholas Miller, and said defendants were under a joint and/or individual duty to property secure said animal within the confines of their aforementioned residential home and/or adjacent real property, located at 312 Westview Avenue, Bristol, PA 19007.

12. On or about May 21, 2019, the aforementioned dog, which was under the joint care, charge, custody and/or control of the aforesaid defendants, was allowed and permitted to run free outside of and off of the premises of 312 Westview Avenue, Bristol, PA 19007, without any leash, collar, chain and/or other tethered restraining device, and/or otherwise not confined to defendants' aforementioned home and/or property.

13. On or about May 21, 2019, plaintiff, Charles Frederick Kimble, was visiting his sister and brother-in-law who resided at 322 Westview Avenue, Bristol, PA 19007 and, while standing on the exterior of his relative's private property, the defendants' aforementioned dog, suddenly and without any warning or provocation or cause, ran from the defendants' property of 312 Westview Avenue, Bristol, PA 19007 and on to the property located at 322 Westview Avenue, Bristol, PA 19007, where the dog attacked plaintiff, Charles Frederick Kimble, by jumping on him, pouncing upon him and biting various portions of his body, causing plaintiff to sustain serious personal injuries, damages and losses, hereinafter more specifically set forth.

14. At all times relevant and material herein, defendants, Kathleen Miller, Roy Miller, Donald Miller and Nicholas Miller, knew or should have known that their said dog was of a ferocious, vicious and mischievous nature, and accustom to leaving their property and premises without restraints attacking and biting people.

15. Defendants, Kathleen Miller, Roy Miller, Donald Miller and Nicholas Miller, individually and/or jointly and/or by and through their joint and individual real or apparent agents, servants, workers and/or employees, were negligent, careless and reckless in failing to warn plaintiff, Charles Frederick Kimble, of their dog's presence and vicious propensities and further in failing to properly secure, confine, tether, restrain, attend and/or otherwise control their said dog, while well knowing that their said dog was an animal of vicious propensities and liable to become ferocious and uncontrollable, all of which is contrary to and in direct violation of 3 P.S. Section 459-305 "Confinement of Dogs".

16. The Defendants, and all of them, breached their mutual duties of care by engaging in careless, negligent, grossly negligent and/or reckless conduct and behavior, including, but not limited to, the following:

    (a)    Maintaining and possessing a dog of a known vicious character;

    (b)    Failing to maintain control of their dog;

    (c)    Failing to register their dog with the proper authorities;

    (d)    Possessing actual knowledge of the dog's dangerous propensities and failing to keep it away from other people;

    (e)    Failing to keep the dog on an appropriate leash and/or other tether such that unprovoked attacks could have been prevented;

    (f)    Failing to warn others passing by of the dog's dangerous propensities;

    (g)    Keeping the dog in a densely populated area;

    (h)    Walking the dog in a densely populated area;

(I) Failing to comply with applicable laws, regulations, ordinances, and other obligations pertaining to the ownership and control of a canine;

(j) Violation of 3 P.S. § 459-101, *et. seq.*; 3 P.S. §§ 501, 531, 532; 34 Pa.C.S.A. §§ 2381-2386; and 34 Pa.C.S.A. §§ 2941-2945;

(k) Breaching its duties under the <u>Restatement of the Law of Torts (Second)</u>, including but not limited to §§ 12, 290, 296, 302, 323, 324, 324A, 390, 509, 515, 516, and 518;

(l) Failing to abide by rules and regulations set forth by the neighborhood property owners, community and/or local government, relating to ownership and control of canines;

(m) Allowing their dog to attack plaintiff;

(n) Failing to prevent their dog from attacking plaintiff;

(o) Failing to securely muzzle their dog in order to prevent injury to persons, such as plaintiff;

(p) Disregarding the rights and safety of persons, such as plaintiff;

(q) Failing to warn Plaintiff of the dog's violent propensities;

(r) Failing to ensure that the dog could not attack and bite unsuspecting persons, such as Plaintiff;

(s) Allowing the dog to attack Plaintiff without any provocation;

(t) Failing to properly restrain their dog to prevent it from biting people, including Plaintiff;

(u) Knowing that their dog had a violent propensity to bite and/or attack others and failing to properly restrain it and/or otherwise control their dog;

(v) Failing to utilize a proper and safe fence around Defendants' premises to prevent their dog from being able to bite people including Plaintiff;

(w) Violating and failing to comply with federal and state statutes, local ordinances and all other rules, enactments or regulations, applicable or in effect, pertaining to their vicious dog;

(x) Failing to exercise reasonable care under the circumstances; and

(y) Any other acts of negligence which may be discovered through the course of discovery.

17. As a direct result of defendants' carelessness and recklessness, as aforesaid, plaintiff, Charles Frederick Kimble, sustained internal and external injuries in and about his head, body and limbs, and a severe and permanent shock to his nerves and nervous system, as well as various other and more particular injuries and conditions that may be established including, but not limited to: multiple dog bite lacerations and wounds to various portions of his body, requiring sutures and resulting in residual post-traumatic scarring, and post-traumatic stress disorder, major depression, musculoskeletal disorder of his spine, severe and permanent shock to his nerves and nervous system, as well as other injuries and damages to be established, all of which have caused him and will continue to cause him great pain and agony, and have prevented him and will continue to prevent him in the future from attending to his daily duties and occupation(s), all to his great financial damage and loss.

18. Further, by reason of the aforesaid vicious dog attack, plaintiff, Charles Frederick Kimble, has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure himself of his said serious and permanent injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to his great financial damage and loss.

19. As a further result of the aforementioned dog attack and the traumatic injuries sustained therein, Plaintiff, Charles Frederick Kimble, has and/or may suffer an impairment of his earning capacity and/or power, all of which has been and will continue to be to his great financial damage and loss.

20. Plaintiff, Charles Frederick Kimble, avers that his injuries, damages and losses were caused solely by the negligence of the defendants, and all of them, as hereinafter before set forth, and in no way due to any actions or inactions on his own behalf.

21. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other dog owner and/or persons that may be responsible in whole or in part for the causation of the aforesaid accident. For purposes of this complaint, said persons or entities have been nominated as "John Doe" and "Jane Doe".

22.     Pursuant to the Rules of Court,, Plaintiff reserves the right to amend this complaint relative to additional Defendants, when and if the identity of said individuals or business entities become known.

WHEREFORE, Plaintiff, Charles Frederick Kimble, demands judgment against Defendants, Kathleen Miller, Roy Miller, Donald Miller and Nicholas Miller jointly and/or severally for an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus interest, cost and attorney's fees.

**JURY DEMAND**

Plaintiff hereby demands a Jury Trial as to all issues herein.

DASHEVSKY, HORWITZ, KUHN
NOVELLO & SHORR, P.C.

BY:_____
JEFFREY L. DASHEVSKY, ESQUIRE
1315 Walnut Street, 12th Floor
Philadelphia, PA 19107
Phone: (215) 546-4488; Fax: (215) 732-6220
E-Mail: JDashevsky@DashevskyLaw.com
Attorney for Plaintiff